SIMEON HILL, APPELLANT, *v.* WILLIAM McDONALD, AS TRUSTEE OF THE ESTATE OF JOHN I. BIRDSALL; ESTELLA B. CLARK AND ELLA A. OVERSTREET, RESPONDENTS.

*Trust — statute of limitations applicable to a claim which the trustee is directed to pay, where payment thereof is refused by him.*

One Birdsall having executed a deed of trust conveying certain property to trustees, one of the purposes of which trust was to pay all the just debts of Birdsall, a creditor of Birdsall presented to the trustees for payment a claim, payment of which was refused by them in December, 1868. The claim was again presented

and payment refused in 1875, and again in 1880. Thereafter, and in May, 1883, an action thereon was brought against the trustees.

*Held,* that the claim was barred by the statute of limitations; that even if a direct, positive and technical trust, such as belongs exclusively to the jurisdiction of a court of equity, existed in favor of the claimant, the statute of limitations commenced to run against the plaintiff's debt from the time when payment was refused by the trustees.

The rule which exempts such a trust from the bar of the statute of limitations is subject to two qualifications:

*First.* That no circumstances exist to raise a presumption from the lapse of time of an extinguishment of the trust.

*Second.* That no open denial or repudiation of the trust is brought home to the knowledge of the *cestui que trust,* which requires him to act as in the case of an asserted adverse title.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Otsego on the 31st day of October, 1889, after a trial at a Special Term of the Supreme Court held in Otsego county, at which a decision was rendered that the plaintiff's complaint be dismissed upon the merits, without costs.

*John B. Holmes* and *W. J. Palmer,* for the appellant.

*F. R. Gilbert,* for the respondents.

MARTIN, J.:

This action cannot be regarded as a judgment-creditor's action, as the plaintiff was not a judgment-creditor. The purpose of the action was to recover the plaintiff's claim against the trust estate in the hands of the defendant McDonald. The trust was originally created by deeds from John I. Birdsall and his wife to the defendant McDonald and another as trustees. One of the purposes of the trust was to pay all the just debts of the defendant Birdsall. The defendant McDonald and his co-trustee duly qualified and acted until relieved by the Supreme Court. In April, 1868, they were relieved from the trust and F. R. Gilbert and John Bell were appointed as trustees in their place. Gilbert and Bell acted until November 2, 1874, when Bell was relieved and Gilbert was appointed sole trustee. In November, 1881, Gilbert was relieved from the trust and the defendant McDonald was again appointed as trustee in his place.

When the trust deeds were given John I. Birdsall was justly indebted to the plaintiff's assignor in the sum of twenty-five dollars, for which Birdsall gave his promissory note, which became due in April, 1868. This note was transferred by the payee to E. L. Gustin before its maturity. On September 25, 1873, Birdsall gave a new note for this debt, and another renewal note was given by him in November, 1879.

After the first note became due, and as early as the month of December, 1868, the then holder presented it to the trustees for payment and payment was refused. It was again presented in 1875 and payment demanded, which was again refused. In October, 1880, the then trustee requested the holder of the note to send it to his counsel for allowance. This was done, but the note was disallowed by the trustee, and has never been paid. The note, with all his equities and claim against the trust estate, were assigned by the holder to the plaintiff on January 3, 1883. At the time of the trial the debt and interest amounted to sixty-six dollars and forty-nine cents. This action was commenced in May, 1883. The trial court held that the plaintiff's claim against the trustees of this estate was barred by the statute of limitations. The correctness of that determination presents the only question involved in this case.

When this action was commenced more than fifteen years had elapsed since the plaintiff's debt became due, and nearly that time had elapsed since it was presented and rejected by the trustees of this estate. It was, therefore, barred by the statute of limitations, if the statute is operative as to such a claim. The plaintiff contends that an express trust was created between the trustees and the creditors of the defendant Birdsall, and that the statute of limitations has no application to such a case.

If we assume that a direct, positive and technical trust, such as belongs exclusively to the jurisdiction of a court of equity, existed in favor of the plaintiff's assignor, the question is, whether the rule invoked applies to this case. The rule which exempts such a trust from the bar of the statute is subject to two qualifications that seem to be as well established as the rule itself. These qualifications are, first, that no circumstances exist to raise a presumption from lapse of time of an extinguishment of the trust; and second, that no open denial or repudiation of the trust is brought home to the knowledge

of the *cestui que trust*, which requires him to act as upon an asserted adverse title.

As we have already seen, the plaintiff's claim was positively rejected and payment denied by the trustees. This action upon the part of the trustees must, we think, be regarded as an open and positive denial or repudiation of the trust as to the plaintiff's assignor and of the debt which the plaintiff now seeks to enforce. It was brought home to the knowledge of the assignor in a manner which called upon him to assert his rights. We think this case comes within the second qualification of the rule stated; that the statute commenced to run against the plaintiff's debt from the time when payment was refused by the trustees; and that the court properly held that this claim was barred by the statute of limitations.

We find no merit in the claim that this action was on a sealed instrument. (*Loder* v. *Hatfield*, 71 N. Y., 92.) Nor can we find anything in the case to justify the conclusion that the refusal to pay the debt had been waived, or that the defendant was estopped from insisting upon the statute as a bar by reason of the request of the trustee to the holder of this note to send it to the counsel to be presented on an accounting had by such trustee.

We are of the opinion that the case was properly disposed of by the Special Term, and that this appeal should not prevail, and the judgment should be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.